UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 6, 2020

LETTER TO COUNSEL

    RE:    *Amanda B. v. Berryhill*
            Civil No. 1:18-cv-03687-JMC

Dear Counsel:

On November 30, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for Summary Judgment, and Plaintiff's reply. (ECF Nos. 14, 17 & 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY the Plaintiff's Motion for Summary Judgment, and DENY the Defendant's Motion for Summary Judgment. I will REMAND this case to the SSA for further proceedings in accordance with this opinion.

Plaintiff protectively filed her claims for benefits on February 15, 2015 alleging an onset date of January 22, 2012. (Tr. 65). Her claims were denied initially, and again on reconsideration. (Tr. 62–72). A hearing was held on May 5, 2017, before Administrative Law Judge ("ALJ") Jesus Ortiz. (Tr. 38). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 23). The Appeals Council declined review, and consequently the ALJ's decision constitutes the final, reviewable decision of the SSA. (Tr. 1–8),

In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform [his] past work given the limitations caused by [his] medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect [his] ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If

1

he makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Plaintiff has not engaged in "substantial gainful activity" since February 15, 2015. (Tr. 25). At step two, the ALJ determined that Plaintiff has the following severe impairments: skin legions; lumbar degenerative disc disease; sleep apnea; irritable bowel syndrome ("IBS"); obesity; depression; and anxiety. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926). (Tr. 25).

Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except that she is further limited to: never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs; never working at unprotected heights; performing simple, routine tasks; making simple work-related decisions; requires access to a restroom on the worksite; and she would be off-task five to ten percent of the workday. (Tr. 27).

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. *Id.* at 28. Finally, after considering the testimony of a vocational expert ("VE"), the ALJ determined that although Plaintiff could not perform her past relevant work, she could perform other jobs existing in significant numbers in the national economy. (Tr. 33). Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. *Id.* at 34.

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

On appeal, Plaintiff makes two arguments: (1) the ALJ's RFC analysis of Plaintiff's limitation in concentration, persistence, or pace failed to comply with the requirements of *Mascio*; and (2) the ALJ erred at step three of the sequential evaluation by failing to properly evaluate whether Plaintiff's impairments met or equaled Listing 1.04A. (ECF No. 14-1 at 8). These arguments are addressed in turn.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637–38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2018). Listings 12.00 *et seq.* pertain to mental impairments. *Id.* at § 12.00 (2018). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairments meet the listings relevant by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (2018). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c) (2018).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).

In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.* Simply put, the *Mascio* Court held that where an ALJ finds moderate difficulties at steps two or three of the

3

sequential evaluation, the ALJ is then required either to include the appropriate limitations that would account for such difficulties in the RFC or to explain why no such limitations are necessary.

In this case, the ALJ assessed Plaintiff's mental impairments pursuant to the "special technique," and found that she had moderate limitations in concentration, persistence, or pace. (Tr. 20). The ALJ's complete assessment reads:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. The claimant testified to having some issues with concentration as she is frequently fatigued as a side-effect; however, as previously noted, she drives on a very regular basis which requires focused concentration and persistence. Additionally, the claimant cares for an elderly mother and essentially runs a household, performing cleaning and shopping. (Tr. 26).

Plaintiff contends that the ALJ here committed a similar error to that in *Mascio* because after determining that Plaintiff has a moderate limitation in concentration, persistence, or pace, he failed to incorporate an appropriate limitation in the RFC assessment or, in the alternative, to indicate why this moderate limitation did not translate into a limitation in the RFC assessment. In response, the Commissioner attempts to distinguish this case and *Mascio*, as the ALJ included an additional "limitation," which stated Plaintiff "would be off-task five to ten percent of the workday." (ECF No. 17-1 at 7).

While the ALJ set forth a detailed recitation of the evidence he used to come to his RFC determination, the limitations included in the RFC—even in combination are insufficient to meet the *Mascio* requirement. *Capps v. Berryhill*, Civ. No. CBD-17-2438, 2018 WL 4616018, at *6 (D. Md. Sept. 26, 2018) (citing cases).[1] The ALJ, moreover, failed to explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence or pace, she could remain on task for at least 90% of an eight-hour workday. *Williams v. Berryhill*, Civil No. TMD 17-1083, 2018 WL 3092273, at *6 (D. Md. June 22, 2018). The ALJ must *both* identify evidence that supports his conclusion, and build an accurate and logical bridge between that evidence and his conclusion. *Id.* (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)).[2] In short, the inadequacy of the ALJ's analysis frustrates meaningful review.

---

[1] *See also Steele v. Comm'r, Soc. Sec.*, Civ. No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016) (holding when a RFC includes durational limitations an ALJ must consider that the normal 8-hour workday already includes breaks approximately every two hours and provide further explanation as to how limiting someone to breaks every two hours "adequately accounts for a moderate limitation in the ability to stay on task" or else it does not meet the *Mascio* requirements).

[2] *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday).

**Listing 1.04A**

Plaintiff next argues that the ALJ improperly evaluated whether she met or equaled Listing 1.04A. (ECF No. 14 at 8). Listing 1.04A requires a spinal disorder with evidence of nerve root compression having specified characteristics:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesisa, resulting in the need for changes in position or posture more than once every 2 hours; or;
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in an inability o ambulate effectively, as defined in 1.00B2b.

In *Radford v. Colvin*, the Fourth Circuit rejected the contention of the SSA that Listing 1.04A necessitated that the requisite symptoms be present simultaneously or in close proximity:

> We hold that Listing 1.04A requires a claimant to show only . . . that each of the symptoms are present, and that the claimant has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months. 20 C.F.R. § 404.1509. A claimant need not show that each symptom was present at precisely the same time—i.e., simultaneously—in order to establish the chronic nature of his condition. Nor need a claimant show that the symptoms were present in the claimant in particularly close proximity. 734 F.3d 288, 294 (4th Cir. 2013).

In response to the Court of Appeals for the Fourth Circuit's decision in *Radford*, the SSA issued Acquiescence Ruling 15-1(4), which sets forth a two-step test for the application of Listing 1.04A and is applicable to states within this Circuit. *See Beck v. Saul*, 2019 WL 3423649, at *5 (E.D.N.C. July 3, 2019), *report and recommendation adopted*, 2019 WL 3423424 (E.D.N.C. July 26, 2019). This application is as follows:

> Adjudicators will decide whether the evidence shows that all of the medical criteria in paragraph A are present within a continuous 12-month period (or, if there is less

than 12 months of evidence in the record, that all the medical criteria are present and are expected to continue to be present). If all of the medical criteria are not present within a continuous 12-month period, adjudicators will determine that the disorder of the spine did not meet the listing.

If all of the medical criteria in paragraph A are present within a continuous 12-month period (or are expected to be present), adjudicators will then determine whether the evidence shows—as a whole—that the claimant's disorder of the spine caused, or is expected to cause, nerve root compression continuously for at least 12 months. In considering the severity of the nerve root compression, the medical criteria in paragraph A need not all be present simultaneously, nor in particularly close proximity. The nerve root compression must be severe enough, however, that the adjudicator can fairly conclude that it is still characterized by all of the medical criteria in paragraph A.

Acq. Ruling 15-1(4), 80 Fed. Reg. at 57420, 2015 WL 5564523.

In this case, after positing the general finding that plaintiff's impairments did not meet or medically equal any listing, the ALJ merely copied the criteria of Listing 1.04A and failed to provide any explanation as to how he applied it. (Tr. 26). Indeed, nowhere in his opinion does the ALJ address his determination on Listing 1.04A, nor state specifically that the criteria are not met. The ALJ's failure to provide an explanation of the basis for his determination on Listing 1.04A precludes the court from conducting meaningful review of her decision. Remand is accordingly warranted. *Radford*, 734 F.3d at 294–96; see also *Monroe v. Colvin*, 826 F.3d 176, 189–91 (4th Cir. 2016). Accordingly, this case is to be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to clarify the basis for his determination on listing 1.04A. In making this ruling, the Court expresses no opinion on the weight that should be accorded to any piece of evidence or the outcome of this case, matters that are for the commissioner to resolve.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 14), is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. The Commissioner's judgment is REVERSED in PART due to inadequate analysis and pursuant to sentence four of 42 U.S.C. § 405(g) this case is REMANDED to the Social Security Administration for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

February 6, 2020

/s/
J. Mark Coulson
United States Magistrate Judge